(85 South. 881)

STATE v. KIMBRELL. (8 Div. 749.)

(Court of Appeals of Alabama. April 6, 1920.)

CRIMINAL LAW ☞1144(½) — PRESUMED IN ABSENCE OF BILL OF EXCEPTIONS THAT THERE WAS NO ERROR IN GRANTING BAIL.

In the absence of a bill of exceptions, or other statement of facts set out in the record, it must be presumed that the trial judge acted without error in granting bail.

Appeal from Circuit Court, Lawrence County; O. Kyle, Judge.

Petition by Love Kimbrell for habeas corpus. From an order granting bail to petitioner, the State appeals. Affirmed.

J. Q. Smith, Atty. Gen., D. C. Almon, Sol., of Albany, and S. A. Lynne and Callahan & Harris, all of Decatur, for the State.

Counsel insist that, as the time for sending bill of exceptions has not expired, therefore the case could not be considered until the clerk had an opportunity to prepare and forward the proper transcript. 170 Ala. 142, 54 South. 496.

W. H. Long, of Decatur, for appellee.

Counsel discusses the nature and purpose of the writ of habeas corpus, and insists that under the Code the appeal should be heard at once. 62 Ala. 51; section 17, Const. 1901; section 6245, Code 1907.

SAMFORD, J. This cause was submitted on March 23, 1920, after notice, under Code 1907, § 5960.

The original proceeding was a petition for habeas corpus before Hon. Oceola Kyle, judge of the Eighth judicial circuit. The hearing was had before the judge on January 10, 1920, at which time a judgment was entered, admitting the petitioner to bail in the sum of $500, from which judgment an appeal was taken to this court on the same day. On February 19, 1920, W. R. Jackson, clerk of the circuit court of Lawrence county, transmitted to this court a transcript of the record and certificate of appeal, together with his certificate that the transcript contained a full, true, and correct transcript of the record of the proceedings in the cause. The transcript was filed in this court on February 21, 1920, and submitted on briefs on March 23, 1920.

There is no bill of exceptions, or other statement of facts set out in the record, in the absence of which we must presume that the trial judge acted without error in granting bail.

We find no error in the record, and the judgment is affirmed.

The record in this case having been filed and the cause submitted, the motion of peti-

tioner praying that the case be considered immediately becomes a moot question, and is therefore dismissed.

Judgment on habeas corpus affirmed; motion dismissed.